**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ASSURANCE COMPANY OF AMERICA,

        Plaintiff(s),        CASE NO.: 2:06-CV-13371

vs.        HON. ARTHUR J. TARNOW
        MAG. JUDGE STEVEN D. PEPE

LAVDAS JEWELRY LIMITED,

        Defendant(s).
_____/

## ORDER GRANTING PLAINTIFF'S PETITION TO SHOW CAUSE

Plaintiff's petition to compel the deposition of Ms. Kathryn Beauvais was referred to the undersigned for hearing and determination. The parties and the deponent were notified that a hearing would be held on this motion on June 20, 2007, and that responses were due on or before June 8. Defendant responded, Ms. Beauvais did not and Plaintiff informed the Court that oral argument was waived and a decision should be made on the briefs. For the reasons stated below, IT IS ORDERED that Ms. Beauvais must appear for her deposition or show cause why she should not be compelled to appear.

This action involves Plaintiff's claim for declaratory relief this it does not owe any of the $1,300,000 that the Defendant claims in loses under a policy of insurance related to a January 30, 2006, robbery at Defendant Lavdas Jewelry Limited. Plaintiff asserts that Defendant violated a policy endorsement requiring a minimum of two employees, officers or owners on the

insured "premises at all times during business hours and when opening/closing for business." (Dkt. # 17-3, Complaint ¶ 13)

Plaintiff wishes to depose Katherine Beauvais. Ms. Beauvais is an employee of Defendant who apparently had left work leaving the owner, Nicholas Lavdas, alone. She was later present during the robbery after she stated the robbers took her hostage at gunpoint and forced her to return. Ms. Beauvais' attorney has elected not to respond to the present motion, but responded to the deposition subpoena with a letter indicating that Ms. Beauvais had been called to be interviewed and to testify before a federal grand jury in a related criminal investigation into the robbery and that she asserted her Fifth Amendment privilege. In this letter Ms. Beauvais' counsel did not refuse to produce her for deposition in this civil matter, but indicated that it was assumed that Plaintiff would not wish to take Ms. Beauvais' deposition, because she would "merely assert her Fifth Amendment privilege" (Dkt. #14-3). Plaintiff argues that Ms. Beauvais waived her Fifth Amendment right when she submitted to an interview by the Warren Police Department.

The Fifth Amendment privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility the person who gives the answer. The privilege protects a mere witness as fully as it does one who is also a party defendant. *McCarthy v. Arndstein,* 266 U.S. 34, 40 (1924).

The scope of the privilege accorded a person having the status of an accused is broader that one status of a of a witness. The privilege of an accused is best considered as involved when a person's compelled testimonial conduct may immediately contribute to a judicial finding that

2

the person is guilty of a criminal offense. In other situations, the person can invoke the privilege but not the status of an accused and thus has the privilege of a witness. Ms. Beauvais' deposition would involve claims of privilege as a witness. While it may be that Plaintiff and other individuals suspect that Ms. Beauvais had some involvement as an insider in the robbery, she may also have non-incriminating information related to the issues in this case which relates to the policy endorsement requiring a minimum of two employees, officers or owners on the insured premises at all times during business hours and when opening/closing for business.

Plaintiff asserts that Ms. Beauvais has waived her Fifth Amendment privilege on giving two out of court statements concerning the events of January 30, 2006. Other than the general assertion of waiver, Plaintiff has not provided any relevant case law demonstrating a waiver on facts similar to this case. Further briefing on this is likely needed if the deposition is to proceed.

Much of the case law the undersigned has found deals with the general proposition that a witness who takes the stand to give direct testimony waives the privilege as least as to the subject of the direct testimony. It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details. See *Rogers v. United States,* 340 U.S. 367, 373 (1951). The privilege is waived for the matters to which the witness testifies, and the scope of the "waiver is determined by the scope of relevant cross-examination," *Brown v. United States,* 356 U.S. 148, 154-155, (1958). "The witness himself, certainly if he is a party, determines the area of disclosure and therefore of inquiry," *id.,* at 155.

The issue of waiver become more complex when the issue of waiver does not arise in a single proceeding, but in subsequent proceedings. On this topic there is some division in the

3

courts. But the majority view regarding whether waiver of privilege in one proceeding operates as a waiver in other unrelated proceedings is that waiver of privilege on a subject in one proceeding does not preclude one from invoking waiver on the same subject in an independent proceeding, if the witness is still at risk of facing criminal prosecution. *In re Morganroth*, 718 F.2d 161, 165 (6th Cir. 1983).[1]

The minority view, set out in *Ellis v. United States,* 416 F.2d 791 (D.C. Cir.1969), is that a witness who voluntarily gives testimony before the grand jury without invoking the Fifth Amendment privilege cannot later claim privilege on the same subject at trial, when the witness is not the defendant or under indictment.[2] But there also exists an exception to the minority view where new material or new conditions may give rise to further incrimination. *Id.* 802. "The rationale of the minority view of *Ellis* applies only where the witness faces the identical risk of prosecution in both proceedings in which he is called upon to testify. The *Ellis* court's exception recognizes this limitation." *In re Morganroth*, 718 F.2d at 165.

---

[1] The *Morganroth* Court noted that the rationale of the majority view is that "during the period between the successive proceedings conditions might have changed creating new grounds for apprehension, *e.g.,* the passage of new criminal law, or that the witness might be subject to different interrogation for different purposes at a subsequent proceeding, or that repetition of testimony in an independent proceeding might itself be incriminating, even if it merely repeated or acknowledged the witness' earlier testimony, because it could constitute an independent source of evidence against him or her." *Id* ( *citing In re Corrugated Container Antitrust Litigation, Conboy,* 661 F.2d 1145, 1155 (7 Cir.1981), *aff'd,* 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983)).

[2] The Supreme Court's decision in *Pillsbury Co. v. Conboy,* 459 U.S. 248 (1983), raises doubt as to the continued validity of the *Ellis* Court's view. In *Conboy,* the Supreme Court emphasized that: "Questions do not incriminate; answers do." *Id.* 608, 103 S.Ct. 613. The Court reasoned that "answers to such questions 'are derived from the deponent's *current,* independent memory of events' and thus 'necessarily create a *new* source of evidence' that could incriminate a witness and could be used in a subsequent criminal prosecution against him." *Id.*

4

Here, Plaintiff gave a statement to the Warren Police Department and to an insurance investigator in connection with investigations into the January 30, 2006, robbery prior to her being subpoenaed for deposition in this civil matter. Therefore, her prior statements were not made in the formal setting of a court proceeding, they were not under oath, and not with the attendant protections of having a judge and possibly a lawyer for the witness present. Nor is this a situation where by invoking the privilege on cross-examination the witness has precluded one party of the traditional testing of the adversary process as to the truth and completeness of that witness's prior testimony. In such circumstances as this, the prior case law is not directly applicable to justify any a waiver under either the majority or minority view.

Yet, it appears that Ms. Beauvais, through her attorney, is attempting to make a blanket assertion of the Fifth Amendment in an effort to avoid being deposed at all, instead of agreeing to be deposed and then asserting the privilege on a question-by-question basis. Before a witness is deemed entitled to remain silent, the court must determine if she is making a valid assertion of the Fifth Amendment privilege. *See Conboy, supra,* 459 U.S. 248, 257; *Hoffman, supra.*

> A valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination. *Id.* A witness must, however, show a "real danger," and not a mere imaginary, remote or speculative possibility of prosecution. *United States v. Apfelbaum,* 445 U.S. 115, 128, 100 S.Ct. 948, 955-956, 63 L.Ed.2d 250 (1980). *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972); *Rogers v. United States,* 340 U.S. 367, 374-75, 71 S.Ct. 438, 442-443, 95 L.Ed. 344 (1951); *cf., Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). While the privilege is to be accorded liberal application, the court may order a witness to answer if it clearly appears that he is mistaken as to the justification for the privilege in advancing his claim as a subterfuge. *Hoffman, supra,* 341 U.S. 486, 71 S.Ct. 818; *In re Brogna,* 589 F.2d 24, 27 (1st Cir.1979); *Ryan v. Commissioner,* 568 F.2d 531, 539 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978). *A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement* and the privilege cannot be claimed in advance of the questions. The privilege must be asserted by a witness with respect to particular

> questions, and in each instance, the court must determine the propriety of the refusal to testify. *See Hoffman, supra,* 341 U.S. 486-88, 71 S.Ct. 818-819.

*In re Morganroth*, 718 F.2d at 167 (emphasis supplied).

"[A] court may forgo the question-by-question inquiry into the legitimacy or scope of the Fifth Amendment privilege where the witness face[s] a 'specter of further . . . prosecution [that is] real.' " *Nunn v. Michigan Department of Corrections,* 1998 WL 34113236, *2 (quoting *United States v. Medina,* 992 F.2d 573, 586 (6th Cir.1993)).

There is no assertion that Ms. Beauvais was a target of the federal investigation, no argument that she has been indicted, was otherwise being investigated or was just called to testify in the pending federal investigation referred to in her attorney's letter. If prosecution in this case is a fact and not merely a threat, and if the facts and issues relative to both the civil and criminal cases are intertwined, requiring Ms. Beauvais to assert privilege in a piecemeal fashion might be futile and unduly burdensome. Yet, the Court does not have sufficient information to make this determination without any response from Ms. Beauvais.

In the absence of such a showing, whether the disclosure sought of Ms. Beauvais might tend to incriminate Ms. Beauvais will depend on the specific question and surrounding circumstances. Having reviewed her prior statements to the insurance investigator and a summary of her statements in the police report, it seems that much of the information sought from her relating to the number of employees, officers or owners on the Lavdas Jewelry premises at it time of closing for business on January 30, 2006, would not tend to incriminate Ms. Beauvais.

If Defendant seeks to assert a more general waiver of Fifth Amendment protection from her prior out of court statements, Defendant will need to provide case authority more on point

that the cases noted above.

      Therefore, IT IS ORDERED that Ms. Beauvais appear for her deposition or show cause why she should not be compelled to appear.  Failure to comply with this order will result in Ms. Beauvais being held in contempt of court.


Dated: July 13, 2007                                                               s/ Steven D. Pepe
                                                                                       United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that on  July 13,  2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Michael J. Black, Vernon R. Johnson, Stuart A. Sklar, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: Timothy Barkovic, 25805 Harper Ave., St.Clair Shores, MI 48081

                                                                                                 s/ James P. Peltier
                                                                                                 Courtroom Deputy Clerk
                                                                                                 U.S. District Court
                                                                                                 600 Church St.
                                                                                                 Flint, MI 48502
                                                                                                 810-341-7850
                                                                                                 pete_peltier@mied.uscourts.gov